Narvaez, Peticionario, *v.* Encargado del Registro Civil de Aibonito, Demandado.

Solicitud para que se expida un auto de *mandamus* contra el Encargado del Registro Civil de Aibonito.

No. 184.—Resuelto en noviembre 30, 1920.

Emancipación—Anotaciones en el Registro Civil—Artículo 18 de la Ley del Registro Civil.—Para anotar al margen de la inscripción de nacimiento la emancipación otorgada por los padres a favor del hijo menor de edad, los encargados del Registro Civil no necesitan orden o ejecutoria de corte o autoridad alguna; bastará que se les presente por parte interesada el documento en que conste la emancipación, el cual deberá contener los requisitos exigidos por el artículo 303 del Código Civil. Así, pues, la anotación de la emancipación se rige por el artículo 18 y no por el 6 de la Ley No. 61 de 1911 estableciendo el Registro Civil.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. P. González.*

El demandado no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del Tribunal.

El peticionario presentó una solicitud interesando un auto de *mandamus* dirigido contra el Dr. E. Canino, encargado del Registro Civil de Aibonito. Se expidió un mandamiento para que el demandado expresara las razones por las cuales no debía de expedirse el auto, pero no se ha formulado contestación. Los hechos de la petición deben por tanto ser tenidos por ciertos.

El peticionario compró una finca rústica a un menor. La madre que tenía la patria potestad sobre el hijo compareció

en la escritura prestando su consentimiento a la venta. En el mismo día la referida madre emancipó a su hijo que entonces era mayor de diez y ocho años de edad, por acta notarial en presencia de dos testigos, todo de conformidad con el artículo 303 del Código Civil el cual prescribe lo siguiente:

"El menor, aún cuando no fuere casado, puede ser emancipado para el solo efecto de la administración de sus bienes, por su padre, o en defecto de éste, por su madre, cuando dicho menór hubiese cumplido la edad de diez y ocho años.

"Esta emancipación tendrá lugar por la declaración del padre c de la madre, hecha ante notario público en presencia de dos testigos y con el consentimiento del menor.

"Deberá anotarse en el Registro Civil, no produciendo efecto entre tanto contra terceros."

El encargado del registro civil se negó a dar efecto a la emancipación porque según manifestó, la Ley del Registro Civil requería que este acto de emancipación debía haberse hecho por autoridad competente y manifestó además dicho funcionario que había consultado el caso y obtenido la opinión del fiscal que resolvió en el mismo sentido. Estos dos funcionarios basan su opinión en el artículo 6 de la Ley del Registro Civil, el cual prescribe lo siguiente:

"Artículo 6.—Firmada una inscripción no podrá hacerse en ella rectificación, adición ni enmienda que altere sustancialmente el acto a que se refiere sino en virtud de una orden de una corte de distrito. Esta ejecutoria se inscribirá en el registro, poniéndose al margen de la inscripción rectificada y de la que se haga nuevamente, una suscinta nota de mútua referencia."

Convenimos con el peticionario en que este artículo es aplicable a los casos en que se pretenda alterar la naturaleza de una inscripción o de modificarla, pero no a cuestiones originales como matrimonios, defunciones o emancipaciones. Véase la sección 18 de la Ley No. 61 de 1911.

Sustentamos una ligera duda respecto a si el peticionario ha demostrado tener él mismo tal interés que le dé derecho a presentar la solicitud. El padre o el hijo podrían tenerlo.

El peticionario ha obtenido una escritura y él tiene el título después de la debida emancipación del vendedor hecha ante notario. La escritura, a falta de otros defectos, debe inscribirse en el registro de la propiedad ya que la emancipación hubiera sido inscrita en el registro civil o no y por tanto sería una protección para el comprador contra terceros.

Sin embargo como su título depende de la emancipación, damos al peticionario el beneficio de la duda y ordenamos que se verifique la inscripción no obstante el hecho de que esta solicitud pudo haber sido presentada y debió haber sido hecha a la corte de distrito, puesto que asumimos jurisdicción y expedimos el auto.

> *Expedido un auto perentorio de* mandamus *al Encargado del Registro Civil de Aibonito ordenando la anotación de la escritura de emancipación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.