JUAN CÓRDOVA, recurrente, *v.* EL REGISTRADOR INTERINO DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1060.—*Sometido:* Noviembre 22, 1939. *Resuelto:* Diciembre 8, 1939.

*Carlos D. Vázquez,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Por escritura pública otorgada en septiembre 12, 1939, Isabel Lebrón emancipó a su hija natural reconocida Inés

Ortiz, nacida en abril 25, 1920. El padre había fallecido con anterioridad.

Días después, o sea en septiembre 26, 1939, la hija emancipada, con el consentimiento expreso de la madre, vendió, por escritura pública, a Juan Córdova, una finca rústica.

Presentada la escritura de venta en el Registro de la Propiedad de San Juan, el registrador la inscribió pero "con el defecto subsanable de no aparecer anotada en el Registro Civil la emancipación de la vendedora Inés Ortiz."

No conforme Juan Córdova, el comprador, recurrió para ante esta Corte Suprema, alegando que "el Registrador de la Propiedad cometió error manifiesto...toda vez que dicha emancipación no era defectuosa por ese motivo, exigiéndose solamente la anotación en el Registro Civil para que surta efecto contra terceros."

Invoca el recurrente lo dicho por los tratadistas Scaevola y Sánchez Román, a saber:

"Bástale que la voluntad del emancipante y el consentimiento del que va a ser emancipado consten de una manera indubitada, con las garantías de que le inviste la intervención judicial o la fe de Notario, para que la emancipación adquiera valor legal." Scaevola. Comentarios al Código Civil, tomo 5, pág. 582.

"Que la escritura o la comparecencia de emancipación se anoten en el Registro Civil. Tiene por objeto hacer *constar* el hecho de la emancipación de un modo *público,* para el conocimiento de terceras personas, en cuanto priva al padre de la *representación* del hijo y otorga a éste una capacidad *relativa* de *mayor edad,* que mientras no fuera *inscrita* no puede producir efecto contra tercero." Sánchez Román. Comentarios al Código Civil, tomo 5, vól. 2, pág. 1199.

Y sostiene que siendo válida la emancipación sin el requisito de la inscripción en el Registro Civil, no debió consignar el registrador que la falta de dicha inscripción constituía un defecto subsanable, debiendo en su consecuencia revocarse su nota en ese extremo.

■■ Ni el recurrente ni el registrador citan jurisprudencia que resuelva el problema que se plantea. La decisión de esta corte en el caso de *Narváez* v. *Encargado del Registro*

*Civil de Aibonito,* 28 D.P.R. 928, a que se refiere el recurrente, si bien guarda relación con él, no lo decide directa ni indirectamente. Aquí el registrador inscribió la venta. Se limitó a consignar la existencia de un defecto subsanable.

Veamos lo que dispone exactamente la ley. Está contenida en el artículo 233 del Código Civil, ed. 1930, que dice:

"Artículo 233.—El menor puede ser emancipado para regir su persona y administrar sus bienes, o para el solo efecto de la administración de los últimos, por su padre, o en defecto de éste, por su madre, cuando dicho menor hubiese cumplido la edad de diez y ocho años.

"Esta emancipación tendrá lugar por la declaración del padre o de la madre, hecha ante notario público en presencia de dos testigos y con el consentimiento del menor.

"Deberá anotarse en el registro civil, no produciendo efecto entre tanto contra terceros."

De modo terminante, pues, dispone que la amancipación deberá anotarse en el Registro Civil para que produzca efecto contra tercero.

Como acto jurídico la emancipación es válida sin que sea inscrita (*Travieso* v. *McCormick,* 54 D.P.R. 328, 334), pero no producirá efecto contra terceros hasta que la inscripción se verifique. Y siendo como es esencialmente nuestro sistema de registros uno ideado para que los actos y contratos que a él se llevan adquieran aquella certeza y publicidad que tanto contribuye a su estabilidad y que permite que en justicia perjudiquen a terceros, parece lo lógico que al verificarse la inscripción en un caso como el de autos, contenga todos los requisitos necesarios a la realización de tal fin.

Uno de esos requisitos, ideado por el legislador precisamente para que la emancipación produzca efecto contra terceros, es el de su inscripción en el Registro Civil, y si se acude al Registro de la Propiedad pidiendo la inscripción de un contrato realizado a virtud de la emancipación, parece natural que en él se acredite que la emancipación se inscribió previamente en el Registro Civil para que el efecto contra

terceros del contrato que se *inscriba* sea *todo lo amplio que debe ser* y esté en armonía con el propósito del sistema. Y si la previa inscripción no consta, cumple con su deber el registrador llamando la atención sobre ello a los futuros contratantes.

*Debe confirmarse la nota recurrida.*