Boris Rafaello Negretti Santisteban, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

Núm. 1077.—*Sometido:* Octubre 25, 1940. *Resuelto:* Noviembre 25, 1940.

*Villamil & Santana Becerra,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El 30 de noviembre de 1939 la Corte de Distrito de San Juan dictó resolución declarando al menor recurrente Boris Rafaello Negretti "judicialmente emancipado sin excepción alguna para todos los efectos de ley, pudiendo dicho menor de ahora en adelante, regir su persona y bienes como si fuera mayor de edad."

Cerca de un año después, el 9 de septiembre de 1940, el menor emancipado otorgó ante notario una escritura por virtud de la cual aparece comprando cierto solar de Santurce. Presentada la escritura en el Registro de la Propiedad, el registrador la inscribió "con el defecto subsanable de no estar anotada la emancipación en el Registro Civil."

En el caso de *Córdova* v. *Registrador,* 55 D.P.R. 739, decidió esta corte, copiando del resumen, que:

"Cuando se acude al Registro de la Propiedad pidiendo la inscripción de un contrato realizado a virtud de una emancipación, debe acreditarse que la emancipación se inscribió previamente en el Registro Civil. No constando la previa inscripción, el registrador actúa

correctamente al llamar la atención sobre ello a los futuros contra·tantes.''

El recurrente sostiene que esa decisión es aplicable únicamente a las emancipaciones por concesión del padre o de la madre que ejerza la patria potestad y no a las judiciales.

El título XI del libro primero del Código Civil Español trata de la emancipación y de la mayor edad. Su artículo 314 dispone:

"La emancipación tiene lugar:
"1°. Por el matrimonio del menor.
"2°. Por la mayor edad.
"3°. Por concesión del padre o de la madre que ejerza la patria potestad.''

Al revisarse dicho código en 1902 el legislador puertorriqueño agregó un medio más de emancipación, el de la concesión judicial. Dice el artículo 302 del Código Civil Revisado, que es el primero del título XI del libro primero:

"La ley reconoce cuatro clases de emancipación:
"1. La emancipación que confiere poder para la administración de los bienes.
"2. La emancipación por el matrimonio.
"3. La emancipación por concesión judicial.
"4. La emancipación por la mayor edad.''

Ese artículo fué enmendado en 1930 y es hoy el 232 del Código Civil, ed. 1930. Dispone:

"La ley reconoce cuatro clases de emancipación:
"1. La emancipación por concesión del padre o de la madre que ejerza la patria potestad.
"2. La emancipación por el matrimonio.
"3. La emancipación por concesión judicial.
"4. La emancipación por la mayor edad.''

Y el propio legislador que agregó el nuevo medio, dispuso expresamente también que la emancipación por concesión judicial "deberá . . . anotarse en el registro civil.'' Artículo 245 del Código Civil, ed. 1930.

Y luego, que "el registro del estado civil comprenderá las inscripciones o anotaciones de nacimientos, matrimonios, *emancipaciones,* reconocimientos y legitimaciones, y defunciones," (artículo 249 del Código Civil, ed. 1930) sin hacer distinción alguna con respecto a la clase de emancipación.

El precepto sobre anotación es mandatorio. La emancipación debe anotarse y el registrador está justificado al exigir que se le demuestre que la ley fué cumplida.

Creemos, en tal virtud, que la decisión en el caso de *Córdova* v. *Registrador,* supra, aunque rendida en relación con una emancipación hecha por concesión de los padres, sentó una regla general aplicable a toda clase de emancipaciones y por consiguiente a las judiciales.

Ahora bien, ¿debe calificarse la omisión de defecto subsanable? Estrictamente no debe, a nuestro juicio.

Un caso semejante ya resuelto por esta corte sostiene la contestación que acabamos de dar a la pregunta formulada por nosotros mismos. Nos referimos al de *Quiñones.* v. *Registrador,* 54 D.P.R. 122, 126, en el que dijimos:

"Sabemos que el registrador se negó a inscribir el contrato por el solo motivo de la no presentación del plano. ¿Pudo hacerlo? La Resolución Conjunta por su sección 2 ordena que 'no se admitirá en los registros de la propiedad . . . ninguna copia de planos que no haya sido previamente aprobada por el Comisionado del Interior de Puerto Rico' y luego por la 7 prescribe que 'de toda segregación o agrupación que se haga de cualquier finca o fincas, deberá presentarse plano, haciendo constar en él la parte segregada o las fincas que se agrupen.'

"Se limita, pues, a imponer una obligación que debe cumplirse. No ordena que su falta de cumplimiento impida la inscripción del contrato que guarda relación con la misma.

"Siendo ello así, debemos recurrir a la propia Ley Hipotecaria para conocer cuáles son los casos en que debe negarse la inscripción o verificarse haciendo constar el defecto o los defectos subsanables que el registrador advierta.

"Dice el artículo 65 de dicha Ley Hipotecaria tal como fué enmendado por la Ley Núm. 20 de 9 de julio de 1936 (Leyes de ese

año, Tercera Legislatura Extraordinaria, pág. 153), en lo pertinente (itálicas nuestras) :

" ' Artículo 65.—*Serán faltas subsanables las que afecten a la validez del mismo título, sin producir necesariamente la nulidad de la obligación en él constituída.*

" 'Los registradores no suspenderán por defectos subsanables la inscripción, anotación o cancelación de ningún título. En la inscripción harán constar los defectos que contenga el título y en cualquier tiempo en que se presente la documentación para subsanarlo, se hará constar la subsanación por medio de nota marginal.

" '*Serán faltas no subsanables las que produzcan necesariamente la nulidad de la obligación.*'

"Por el hecho de no levantarse el plano, ni por el de no presentarse en el registro, no se produce necesariamente la nulidad del contrato que se trata de inscribir, no pudiendo, por tanto, calificarse la falta de insubsanable. Tampoco puede sostenerse que la falta de presentación del plano afecte la validez del título. Estrictamente tampoco podría calificarse el defecto de subsanable.

"Ahora, bien, se trata de un deber impuesto por la ley dejado de cumplir y nos parece que lo lógico es que el registrador haga constar dicha falta de cumplimiento a fin de que los libros del registro, de acuerdo con el propósito fundamental de dicha institución, hablen claro y adviertan a los futuros contratantes en relación con el inmueble que hay algo omitido que para su beneficio pueden exigir que se supla, y es en este sentido que la falta de presentación del plano puede y debe anotarse a nuestro juicio como defecto subsanable ya que en verdad es algo que se está obligado a hacer y no se hizo y que puede perfectamente hacerse luego, corrigiéndose entonces la omisión."

En el caso de *Córdova* v. *Registrador,* supra, fuimos más lejos y prescindimos de la calificación del defecto como subsanable, limitándonos a resolver que el deber del registrador quedaba cumplido llamando simplemente la atención sobre la omisión, teniendo en cuenta que ya esta propia corte había decidido en el caso de *Travieso* v. *McCormick,* 54 D.P.R. 328, 334, que la emancipación como acto jurídico es válida sin que sea inscrita.

*En tal virtud, la resolución que procede dictar es la de revocar la nota recurrida en tanto en cuanto califica de defecto*

*subsanable el no haberse demostrado que la emancipación del menor otorgante del documento contentivo del contrato inscrito estuviera anotada en el Registro Civil, debiendo limitarse el Registrador a llamar la atención sobre esa circunstancia a los fines que fueren procedentes.*